**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANTONIO SHAW, | ) |
| | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )      No. 4:24-CV-164 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant Antonio Shaw's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 1).  The United States of America responded and opposes the motion.  Movant failed to file a traverse, and the time to do so has expired. Therefore, the motion is ripe for review. For the reasons set forth below, Movant's Motion to Vacate will be denied.

### I.     Procedural History

On August 27, 2010, Movant was charged as a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  *See United States v. Shaw*, 4:10-CR-471 HEA, ECF No. 10.  Movant was ultimately charged with a co-conspirator in a six-count, third superseding indictment with conspiracy to possess with intent to distribute marijuana, cocaine base, and ecstasy in violation of 21 U.S.C. §§ 846

and 841(a)(1) (Count I); possessing and/or brandishing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 941(a)(1)(A) (Count II); and possessing, brandishing, and/or discharging a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 941(c)(1)(A) (Count III).

Movant proceeded to a jury trial on September 18, 2012. The Eighth Circuit summarized the evidence at trial as follows:

> Evidence at trial established that Shaw had distributed marijuana in the St. Louis area since he was in high school. On July 22, 2004, members of the St. Louis Metropolitan Police Department ("the police") arrested Shaw and, during a search incident to arrest, discovered 19.85 grams of marijuana and $162 in cash. On March 11, 2006, the police stopped Shaw's vehicle for failure to obey a stop sign and found Shaw in possession of 57.58 grams of marijuana packaged in four individual plastic bags and $1,042 in cash. On November 16, 2007, the police arrested Shaw during the execution of a search warrant and found him in possession of .89 grams of crack cocaine, $1,776 in cash, and a fully-loaded 9–mm semiautomatic pistol. The police never discovered user paraphernalia during these arrests. In addition to this evidence, two drug distributors testified that they collectively purchased at least seventy-five pounds of marijuana from Shaw between 2006 and 2008. They also testified that during these drug exchanges, Shaw carried a firearm. A drug-distribution expert opined that Shaw's activities involving marijuana and crack cocaine from 2004 to 2009 were indicative of an intent to distribute. Specifically, the expert cited the lack of user paraphernalia, the multiple single-dosage units packaged for distribution discovered during the March 2006 arrest, the large amounts of cash, Shaw's use of two cellular phones and several vehicles to avoid detection, and Shaw's carrying a firearm for protection.

*United States v. Shaw*, 751 F.3d 918, 920 (8th Cir. 2014)

On September 25, 2012, the jury returned its verdict finding Movant guilty on Count I, for conspiracy to possess with intent to distribute marijuana and cocaine

2

base, and on Count II for possessing and/or brandishing a firearm in furtherance of a drug trafficking crime. The jury acquitted Movant of conspiracy to distribute ecstasy relevant to Count I, and of possessing, brandishing, and/or discharging a firearm in furtherance of a drug-trafficking crime as charged in Count III.

The United States Probation Office prepared a Presentence Investigation Report ("PSR"). Movant's Base Offense Level was 18, based on a total quantity of the equivalent of 35.98302 kilograms of marijuana.[1] After receiving enhancements for using body armor, § 3B1.5(2)(A), and being an organizer of the conspiracy, § 3B1.1(c), Movant's total offense level was 22. The PSR calculated Movant's criminal history points to be 21, which corresponded to a Criminal History Category VI. Based on Movant's Total Offense Level of 22 and Criminal History Category of VI, the PSR determined that the advisory guideline imprisonment range for Count I was 84-105 months. In addition, Count II required a minimum term of imprisonment of seven years and a maximum term of life imprisonment, consecutive to any other

---

[1]The total marijuana quantity was determined from the following: (1) 19.95 grams of marijuana from July 22, 2004 arrest (evidence introduced at trial); (2) 27.63 grams of marijuana from February 18, 2005 arrest (not introduced at trial); (3) 0.50 grams of marijuana from May 19, 2005 arrest (not introduced at trial); (4) 57.58 grams of marijuana from March 11, 2006 arrest (evidence introduced at trial); (5) 14.03 grams of marijuana from August 8, 2006 arrest (not introduced at trial); and (6) 26.03 grams of marijuana from October 14, 2008 arrest (not introduced at trial). This totaled 145.72 grams of marijuana. To this number, the PSR added the marijuana equivalency for the .89 grams of cocaine base (3.1782 kg marijuana) seized from Movant on November 16, 2007 (evidence that was introduced at trial). The PSR also added 32.6592 kg of marijuana based on the testimony of a cooperator, who testified that he purchased 72 pounds of marijuana from Movant between 2006 to 2008.

3

sentence imposed. The PSR noted that the Court could apply the murder cross reference of § 2D1.1(d)(1), but the Government declined to ask for a life sentence and, instead, asked for an upward variance to 35 years based on the murders.

Movant filed objections to the PSR, including objections to the criminal history computation, the two-level enhancement for use of body armor, and the two-level enhancement for an aggravating role under § 3B1.1(c).  The Government opposed Movant's objections.

On April 30, 2013, Movant appeared for sentencing.  The Government called several witnesses at the sentencing hearing regarding Movant's involvement in a double homicide in 2008.  The Court overruled Movant's objections to the PSR. The Court found Movant responsible for the murders and granted an upward variance and sentenced him to a 210-month term of imprisonment on Count I and a 168-month term of imprisonment on Count II to be served consecutively.

Movant appealed his conviction to the Eighth Circuit Court of Appeals.  On appeal, Movant challenged the consideration of a seven-year-to-life statutory range on the § 924(c) conviction in Count II and argued that it was in violation of *Alleyne v. United States*, 570 U.S. 99 (2013).  The Government conceded this argument. Movant also argued that the Court's upward variance from the applicable guideline range was procedurally and substantively improper, and that the evidence was insufficient to support the guilty verdicts.  The Eighth Circuit affirmed Movant's

conviction but remanded for a new sentencing considering a five-year mandatory minimum on Count II. *Shaw*, 751 F.3d at 923.

At resentencing, Movant's counsel highlighted his rehabilitation in prison and asked the Court to recognize the issue in *Alleyne* and order a lower sentence. The Government asked the Court to reissue the same sentence, noting that the Court's original sentence was above the statutory minimum and, therefore, the lowering of the statutory minimum should not affect the outcome.  On resentencing, the Court reimposed the same sentence.

Movant again appealed to the Eight Circuit. Movant's counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the drug quantity attributed to Movant for purposes of calculating his advisory guideline range was not supported by the evidence, and that in choosing a sentence above the guideline range, the Court erred in considering evidence presented at sentencing regarding uncharged criminal conduct.  In a *pro se* brief, Movant additionally argued the following: (1) the district court failed to remedy the *Alleyne* error; (2) the evidence did not support his conviction for conspiring to distribute cocaine base; (3) the evidence did not support certain enhancements included in the calculation of his total offense level under the Sentencing Guidelines; and (4) the court erred in calculating his criminal history.

On March 23, 2015, the Eighth Circuit issued its opinion as to Movant's second appeal. Movant's challenges to the sufficiency of the evidence, the enhancements other than the drug quantity used in calculating his offense level, and his criminal history were rejected by the Eighth Circuit, because those issues either were not raised or were decided adversely in Movant's first appeal. As to the remaining issues, the Eighth Circuit ruled as follows: (1) to the extent that Movant challenged the drug-quantity calculation, there was no clear error; (2) the district court did not err in considering evidence of uncharged criminal conduct that was presented at the sentencing hearing; (3) there was no merit to Movant's argument that this Court failed to remedy its *Alleyne* sentencing error on remand; and (4) the sentence was not unreasonable.

On July 13, 2015, the Court reduced Movant's sentence, as he was a beneficiary of the "Drugs Minus Two" amendment to the Sentencing Guidelines that lowered drugs guidelines by two points. The guideline range on Count I was reduced to 70-87 months, and in his Motion for Retroactive Application of the Sentencing Guidelines, Movant requested a proportionate decrease in his sentence on Count I from 210 months to 174 months. The Government did not oppose Movant's motion. The Court granted the motion and reduced Movant's sentence to 174 months as to Count I, consecutive to the 168-month sentence of Count II, for a total sentence of 342 months.

On March 17, 2016, Movant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Shaw v. United States*, No. 4:16-CV-366 HEA ("First Habeas Case"). Movant raised 14 claims in his First Habeas Case including the following: prosecutorial misconduct for communicating with the jury during deliberations and for introducing evidence that he knew to be perjured; violations of his rights under the Fifth and Sixth Amendments because he was absent during the answering of jury questions; a violation of his right under the Sixth Amendment to a unanimous jury verdict; ineffective assistance of trial counsel because his counsel refused to honor his decision to testify, failed to present evidence of his history of drug abuse, failed to move for a mistrial when a juror was unwilling to deliberate, and failed to keep him informed of important developments and to communicate; ineffective assistance of appellate counsel because on appeal his counsel failed to challenge erroneous jury instructions, failed to petition for a rehearing *en banc,* failed to challenge his calculated criminal history points, failed to challenge the two-level enhancement for the use of body armor, failed to challenge the two-level enhancement for aggravating role, and failed to raise the prosecutor's communications with the jury.

The Court denied all of Movant's claims and refused to issue a certificate of appealability. Movant appealed to the Eighth Circuit, but his appeal was dismissed. *Shaw v. United States*, No. 19-1396, 2019 WL 4025860 (8th Cir. July 25, 2019).

Once again, Movant has moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

## II. Standard of Review

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court lacked jurisdiction to impose such a sentence. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal citations omitted).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) (cleaned up; quoted case omitted). The Court may dismiss a claim without an evidentiary hearing "when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* The Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the record in this case.

8

### III.    Discussion

In 2022, Missouri voters adopted Amendment 3, which resulted in the expungement of many state marijuana convictions. Mo. Const. Art. XIV, § 2.10(7)-(8). Movant asserts in his Motion to Vacate that in November 2023, five of his arrests and state court convictions for misdemeanor possession of marijuana were expunged from his criminal record.[2]  The Government introduced evidence of these arrests and convictions at his federal criminal trial, and the PSR referred to these arrests and convictions as a basis for Movant's total offense level calculation.  In his Motion to Vacate, Movant argues that these arrests and convictions can no longer be deemed to be part of the criminal conspiracy for which he was convicted, because they have been expunged from his record.  Movant moves that the Court vacate his sentence, and that he be resentenced "to reflect the changes in the underlying facts of his case." (ECF No. 1 at 3).

The Government opposes Movant's Motion to Vacate on two grounds.  First, it argues the Motion to Vacate is a successive § 2255 motion, which is barred under 28 U.S.C. § 2244 and applicable case law. Second, the Government argues that even

---

[2]Movant states that six of his arrests and convictions have been expunged, but in his Motion to Vacate, Movant only lists the following five arrests for misdemeanor possession of marijuana as having been expunged: (1) on July 22, 2004, for possession of 19.85 grams; (2) on February 18, 2005, for possession of 27.63 grams; (3) on May 19, 2005, for possession of 0.50 grams; (4) on March 11, 2006, for possession of 57.58 grams; and (5) on October 14, 2008, for possession of 26.03 grams.  Movant did not submit proof of the expungements or the dates the expungements were entered.

if the motion was not barred, it fails on the merits, because Missouri's expungement of certain marijuana convictions is not recognized by the Sentencing Guidelines, and Movant's federal sentence is unaffected by the expungements.   The Court will address each of these arguments in turn.

### A. Movant's Motion to Vacate Is Not a Successive 28 U.S.C. § 2255 Motion.

The Government contends that Movant has filed an unauthorized Motion to Vacate under § 2255 that must be dismissed.  It points to the fact that Movant moved for post-conviction relief in 2016, and the Court reached the merits of that motion to vacate and denied relief. It argues that the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes strict limitations on "second or successive" motions to vacate, which Movant has not met.

The AEDPA does impose strict limits on second or successive habeas petitions.  First, in order to proceed, a second or successive habeas petition must fall within one of two narrow categories – the claim must "rel[y] on a new and retroactive rule of constitutional law" or "alleg[e] previously undiscoverable facts that would establish [the petitioner's] innocence." *Banister v. Davis*, 590 U.S. 504, 509 (2020); *see also* § 2244(b)(2). Second, a party seeking relief cannot bring a second or successive habeas petition directly in the district court, but rather he or she must first seek permission to file the petition with a circuit court of appeals and make a "*prima facie* showing" that the petition satisfies one of § 2244(b)(2)'s exceptions.

10

§ 2244(b)(3). A circuit court of appeals must grant authorization for the movant to proceed in district court. The district court must then independently confirm that the petition satisfies the requirements of § 2244(b)(2). *See* § 2244(b)(4).

Here, Movant did not seek leave with the Eighth Circuit to file a second or successive habeas petition, and his claim for relief does not appear to fall within one of § 2244(b)(2)'s two narrow categories exceptions.  That said, very recently, the Eighth Circuit ruled that a § 2255 motion to vacate that was based on Missouri's Amendment 3 and the expungement of a marijuana conviction – a claim that could not have been brought when that petitioner filed his first § 2255 motion, because the motion predated Amendment 3 and the expungement – raised a "new ripe claim" and, therefore, the new motion to vacate was not "second or successive" and subject to the statutory limitations. *Lozano v. United States*, 171 F.4th 1025, 1031 (8th Cir. 2026).

Here, Movant could not have brought his current claim in 2016 when he filed his initial Motion to Vacate, because Missouri had not yet passed Amendment 3, and his convictions had not been expunged. Accordingly, Movant is bringing a new ripe claim, and Movant's new Motion to Vacate is not subject to the statutory limits on second or successive habeas petitions.

11

**B. Movant's Marijuana-Related Convictions Remain Valid Convictions Under the Sentencing Guidelines, Despite the State Expungement.**

In his Motion, Movant argues that five of the arrests and subsequent state court convictions that formed the basis for his federal conspiracy conviction, as well as the total offense level calculation in the PSR, can no longer be considered, because those arrests and convictions have been expunged. Movant requests that the Court vacate, set aside, or correct his sentence as the basis for his original offense level has been altered.

In so far as Movant seeks to have his conviction overturned because his state marijuana possession misdemeanors were expunged, Movant's motion is without merit. Movant's past marijuana possessions were used as evidence of his participation in the drug conspiracy, but the expungement of those convictions does not erase the fact that he did possess marijuana with the intent to distribute it. An officer would not be prohibited from testifying about the facts of an arrest and Movant's possession of marijuana because the misdemeanor was expunged. *See* First Habeas Case, ECF No. 27 at 3-4 (summary of officer testimony describing Movant's possession of marijuana). Movant's past possessions of marijuana remain provable events despite the expungement. In addition, there was evidence presented at trial that Movant possessed marijuana with the intent to distribute that was unrelated to his expunged convictions. For example, a cooperator testified that he purchased 72 pounds of marijuana from Movant. Movant's request to have his

12

conspiracy conviction overturned because his state marijuana possession misdemeanors were expunged is without merit, and therefore, denied.

Finally, the Court will address Movant's request that he be resentenced because his arrests and convictions for marijuana possession, which formed a basis for his total offense level calculation under the Sentencing Guidelines, have been expunged. "Sentences for expunged convictions are not counted," for purposes of computing criminal history under the Guidelines. U.S.S.G. § 4A1.2(j).  However, the Guidelines do not define the term "expunged." According to the Eighth Circuit, "when determining whether a conviction is 'expunged' under the guidelines, a court must examine the 'basis' for the expunction." *United States v. Townsend*, 408 F.3d 1020, 1024 (8th Cir. 2005).  The Eighth Circuit has further instructed that "a state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category," and it defined  expunged convictions under the Guidelines as those: "(1) reversed or vacated due to legal errors or later-discovered evidence exonerating the defendant, or (2) ruled constitutionally invalid." *Id.* at 1023 (citing § 4A1.2, cmt. n.6).

More recently, in *Lozano*, the Eighth Circuit examined whether Missouri's expungement of convictions for nonviolent marijuana offenses under Amendment 3 qualified as "expunged" under the Guidelines. 171 F.4th at 1033. After examining the definition of expunged set forth in *Townsend,* the Eighth Circuit concluded that

13

the expungement of a conviction as a result of Missouri's Amendment 3 was not an expunged conviction within the meaning of the Guidelines. *Id.* at 1034. Accordingly, the Court finds Movant's prior marijuana convictions were not expunged for purposes of his calculated criminal history under the Guidelines, and his claim that these arrests and convictions can no longer be considered for purposes of sentencing is meritless. *Id.* The Court denies and dismisses Movant's Motion to Vacate on the merits.

### IV.   *Certificate of Appealablity*

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Antonio Shaw's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.** [ECF No. 1]

14

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in the § 2255 Motion to Vacate because Movant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

A separate judgment in accordance with this Opinion, Memorandum and Order shall issue this same date.

Dated this 5th day of June, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

15